Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
ALBINO COMONFORT, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

-against-

LES BRASSEURS INC. (d/b/a LA MANGEOIRE),
GERARDO DONATO, and ERIC CERATO

                *Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Albino Comonfort ("Plaintiff Comonfort" or "Mr. Comonfort"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Les Brasseurs Inc. (d/b/a La Mangeoire) ("Defendant Corporation"), Gerardo Donato, and Eric Cerato (collectively, "Defendants"), upon information and belief, alleges as follows:

### NATURE OF ACTION

1. Plaintiff Comonfort was an employee of Defendants Les Brasseurs Inc. (d/b/a La Mangeoire), Gerardo Donato, and Eric Cerato.

2. La Mangeoire is a French restaurant owned by Gerardo Donato and Eric Cerato located at 1008 Second Avenue, New York, New York 10022.

1

3. Upon information and belief, Defendants Gerardo Donato and Eric Cerato serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the French restaurant as a joint or unified enterprise.

4. Plaintiff Comonfort worked long days as a dishwasher, stocker, and porter at the French restaurant located at 1008 Second Avenue, New York, New York, 10022.

5. Plaintiff Comonfort regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he worked each week.

6. Further, Defendants failed to pay Plaintiff Comonfort the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

7. Defendants' conduct extended beyond Plaintiff Comonfort to all other similarly situated employees.

8. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Comonfort and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Comonfort now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS.

Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

10. Plaintiff Comonfort seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Comonfort's State Law claims is conferred by 28 U.S.C. § 1367(a).

12. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Comonfort was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Albino Comonfort ("Plaintiff Comonfort" or "Mr. Comonfort") is an adult individual residing in New York County, New York.

14. Plaintiff Comonfort was employed by Defendants from approximately November 2012 until on or about August 1, 2016.

15. At all relevant times to this complaint, Plaintiff Comonfort was employed by Defendants as a dishwasher, stocker and porter at La Mangeoire, located at 1008 Second Avenue, New York, New York 10022.

3

16. Plaintiff Comonfort consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. Defendants own, operate and/or control a French restaurant located at 1008 Second Avenue, New York, New York 10022 under the name of La Mangeoire, at all times relevant to this complaint.

18. Upon information and belief, Defendant Les Brasseurs Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 1008 Second Avenue, New York, New York 10022.

19. Defendant Gerardo Donato is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

20. Defendant Gerardo Donato is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporation.

21. Defendant Gerardo Donato possesses or possessed operational control over the Defendant Corporation, an ownership interest in the Defendant Corporation, or controlled significant functions of the Defendant Corporation.

22. Defendant Gerardo Donato determined the wages and compensation of employees, including Plaintiff Comonfort, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

23. Defendant Eric Cerato is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

24. Defendant Eric Cerato is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporation.

25. Defendant Eric Cerato possesses or possessed operational control over the Defendant Corporation, an ownership interest in the Defendant Corporation, or controlled significant functions of the Defendant Corporation.

26. Defendant Eric Cerato determined the wages and compensation of employees, including Plaintiff Comonfort, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

27. Defendants own, operate and/or control a French restaurant located at 1008 Second Avenue, New York, New York 10022.

28. Individual Defendants Gerardo Donato and Eric Cerato possess operational control over the Defendant Corporation, possess an ownership interest in the Defendant Corporation, and control significant functions of the Defendant Corporation.

29. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30. Each Defendant possessed substantial control over Plaintiff Comonfort's (and other similarly situated employees') working conditions, and over the policies and practices with

5

respect to the employment and compensation of Plaintiff Comonfort, and all similarly situated individuals, referred to herein.

31. Defendants jointly employed Plaintiff Comonfort, and all similarly situated individuals, and are Plaintiff Comonfort's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32. In the alternative, Defendants constitute a single employer of Plaintiff Comonfort and/or similarly situated individuals.

33. Upon information and belief, Individual Defendants Gerardo Donato and Eric Cerato operate the Defendant Corporation as either an alter ego of themselves, and/or fail to operate the Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as a separate and legally distinct entity;

    (b) defectively forming or maintaining the Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    (c) transferring assets and debts freely as between all Defendants;

    (d) operating the Defendant Corporation for their own benefit as the sole or majority shareholders;

    (e) operating the Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    (f) intermingling assets and debts of their own with the Defendant Corporation;

(g) diminishing and/or transferring assets of the Defendant Corporation to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

34. At all relevant times, Defendants were Plaintiff Comonfort's employers within the meaning of the FLSA and NYLL.

35. Defendants had the power to hire and fire Plaintiff Comonfort, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Comonfort's services.

36. In each year from 2012 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the French restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

38. Plaintiff Comonfort is a former employee of Defendants, who was employed as a dishwasher, stocker, and porter.

39. Plaintiff Comonfort seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Albino Comonfort*

40. Plaintiff Comonfort was employed by Defendants from approximately November 2012 until on or about August 1, 2016.

7

41. At all relevant times, Plaintiff Comonfort was employed by Defendants to work as a dishwasher, stocker, and porter.

42. Plaintiff Comonfort regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform his duties as a dishwasher, stocker, and porter.

43. Plaintiff Comonfort's work duties required neither discretion nor independent judgment.

44. Throughout his employment with Defendants, Plaintiff Comonfort regularly worked in excess of 40 hours per week.

45. From approximately November 2012 until on or about August 1, 2016, Plaintiff Comonfort worked from approximately 7:00 a.m. until on or about 4:00 or 5:00 p.m. Mondays through Fridays and from approximately 7:00 a.m. until on or about 2:00 or 3:30 a.m. on Saturdays (typically 64 to 70.5 hours per week).

46. Throughout his employment with defendants, Plaintiff Comonfort was paid his wages in a combination of check and cash.

47. For a period of one week in November 2012, Plaintiff Comonfort was paid $424.00 by check and approximately $60.00 in cash.

48. From approximately November 2012 until on or about March 2013, Plaintiff Comonfort was paid a fixed salary of $448.00 by check and approximately $60.00 in cash per week.

49. From approximately March 2013 until on or about April 2016, Plaintiff Comonfort was paid a fixed salary of $504.00 by check and approximately $60.00 in cash per week.

50. From approximately April 2016 until on or about August 1, 2016, Plaintiff Comonfort was paid a fixed salary of $560.00 by check and approximately $60.00 in cash per week.

51. Defendants never provided Mr. Comonfort with break periods of any kind during his work hours.

52. Defendants did not provide Plaintiff Comonfort with any document setting forth the rate of pay for all of his hours worked.

53. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Comonfort regarding wages as required under the FLSA and NYLL.

54. Defendants did not provide Plaintiff Comonfort with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

55. Defendants did not give any notice to Plaintiff Comonfort, in English and in Spanish (Plaintiff Comonfort's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

56. Defendants regularly required their employees, including Plaintiff Comonfort, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or Spread of Hours compensation.

57. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Comonfort (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

58. Defendants paid Plaintiff Comonfort all of his wages in a combination of check and cash.

59. Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Comonfort with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Comonfort's relative lack of sophistication in wage and hour laws.

60. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Comonfort (and similarly situated individuals) worked, and to avoid paying Plaintiff Comonfort properly for (1) his full hours worked, (2) for overtime due.

61. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL. Defendants failed to provide Plaintiff Comonfort and other employees with accurate wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

62. Defendants failed to provide Plaintiff Comonfort and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63. Plaintiff Comonfort brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of La Mangeoire (the "FLSA Class").

64. At all relevant times, Plaintiff Comonfort and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA and the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

65. The claims of Plaintiff Comonfort stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

66. Plaintiff Comonfort repeats and re-alleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiff Comonfort's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Comonfort (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

68. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70. Defendants failed to pay Plaintiff Comonfort (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

71. Defendants' failure to pay Plaintiff Comonfort (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff Comonfort (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

73.     Plaintiff Comonfort repeats and re-alleges all paragraphs above as though fully set forth herein.

74.     Defendants, in violation of the FLSA, failed to pay Plaintiff Comonfort (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

75.     Defendants' failure to pay Plaintiff Comonfort (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76.     Plaintiff Comonfort (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)**

77.     Plaintiff Comonfort repeats and re-alleges all paragraphs above as though fully set forth herein.

78.     At all times relevant to this action, Defendants were Plaintiff Comonfort's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Comonfort (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

79. Defendants, in violation of the NYLL, paid Plaintiff Comonfort (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

80. Defendants' failure to pay Plaintiff Comonfort (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

81. Plaintiff Comonfort (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAWS)

82. Plaintiff Comonfort repeats and re-alleges all paragraphs above as though fully set forth herein.

83. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Comonfort (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

84. Defendants' failure to pay Plaintiff Comonfort (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff Comonfort (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

86. Plaintiff Comonfort repeats and re-alleges all paragraphs above as though fully set forth herein.

87. Defendants failed to pay Plaintiff Comonfort (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Comonfort's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

88. Defendants' failure to pay Plaintiff Comonfort (and the FLSA Class members) an additional hour's pay for each day Plaintiff Comonfort's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

89. Plaintiff Comonfort (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)**

90. Plaintiff Comonfort repeats and re-alleges all paragraphs above as though fully set forth herein.

91. Defendants failed to provide Plaintiff Comonfort with a written notice, in English and in Spanish (Plaintiff Comonfort's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

92. Defendants are liable to Plaintiff Comonfort in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

93. Plaintiff Comonfort repeats and re-alleges all paragraphs above as though set forth fully herein.

94. Defendants did not provide Plaintiff Comonfort with accurate wage statements upon each payment of wages, as required by NYLL 195(3).

95. Defendants are liable to Plaintiff Comonfort in the amount of $5,000, together with costs and attorneys' fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Comonfort respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Comonfort and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Comonfort and the FLSA class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiff Comonfort's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Comonfort and the FLSA class members;

(f) Awarding Plaintiff Comonfort and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Comonfort and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Comonfort and the members of the FLSA Class;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Comonfort and the members of the FLSA Class;

(j) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Comonfort and the FLSA class members;

(k) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Comonfort's and the FLSA Class members' compensation, hours,

wages; and any deductions or credits taken against wages;

(l)  Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Comonfort and the FLSA Class members;

(m)  Awarding Plaintiff Comonfort and the FLSA Class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)  Awarding Plaintiff Comonfort and the FLSA Class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)  Awarding Plaintiff Comonfort and the FLSA Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)  Awarding Plaintiff Comonfort and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)  Awarding Plaintiff Comonfort and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)  All such other and further relief as the Court deems just and proper.

Dated: New York, New York
      August 11, 2016

                             MICHAEL FAILLACE & ASSOCIATES, P.C.

                            /s/ Michael Faillace
                   By:    Michael A. Faillace [MF-8436]
                          60 East 42nd Street, Suite 2540
                          New York, New York 10165
                          (212) 317-1200
                          *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 9, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Albino Comonfort

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:      [signature]

Date / Fecha:           09 de agosto de 2016

*Certified as a minority-owned business in the State of New York*