# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 2540 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

June 29, 2017

**VIA ECF**

Hon. Andrew J. Peck
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    Comonfort v. Les Brasseurs, Inc., et al.;
            Case No. 16-cv-6389 (AJP)

Your Honor:

      This office represents Plaintiff Albino Comonfort ("Plaintiff") in the above-referenced matter. We write, together with Defendants' counsel, to respectfully request that the Court approve the parties' proposed settlement agreement (the "Agreement").

      The parties have come to an Agreement after extensive settlement discussions, a settlement conference before your Honor, and the exchange of fact discovery. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice after Plaintiff files the stipulation of dismissal accompanying the proposed settlement agreement.

      The parties represent to the Court that while Plaintiff believes that the settlement amount is less than what the Plaintiff would be entitled to if he prevailed at trial, the settlement is fair, as discussed herein.

**Background**

      Plaintiff Albino Comonfort was employed as dishwasher, stocker, and porter by Defendants' restaurant, La Mangeoire, located at 1008 Second Avenue, New York, NY 10022. Plaintiff Comonfort was employed by Defendants for over three year and typically worked 64 to 70.5 hours per week. During one week in November 2012, Plaintiff Comonfort alleges that he was paid $484. From approximately November 2012 until on or about March 2013, Plaintiff Comonfort alleges that he was paid a fixed salary of $508 per week. From approximately March 2013 until on or about April 2016, Plaintiff Comonfort alleges that he was paid a fixed salary of $564 per week. From approximately April 2016 until on or about August 1, 2016, Plaintiff Comonfort alleges that he was paid a fixed salary of $620 per week. Plaintiff was paid partially by check and partially by cash throughout the entirety of his employment.

Hon. Andrew J. Peck
June 29, 2017
Page 2 of 4

Plaintiff therefore brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants deny Plaintiff's allegation and assert that Plaintiff was paid proper hourly rates. Defendants dispute Plaintiff's alleged hours worked and pay received, and have produced time and pay records to support their defenses. Furthermore, Defendants were prepared to file a Rule 11 motion for sanctions, depending on the testimony elicited during Plaintiff's deposition.

After weighing the risks of trial and costs of further litigation, the parties have reached an agreement prior to conducting such depositions.

**Settlement**

The parties have agreed to settle this action for the total sum of $15,000.00 which will be paid as outlined in **Exhibit A**.[1] Plaintiff estimates that, taking Defendants' documentary evidence into account, Plaintiff would be entitled to approximately $22,000 in minimum and overtime base damages, at best.[2] However, if Defendants were to succeed at obtaining dismissal of this matter, Plaintiff would not be entitled to anything at all. Due to the apparent weaknesses of Plaintiff's claims, we believe this to be a reasonable compromise.

Ten thousand dollars ($10,000.00) of the settlement amount will be paid to the Plaintiff. The remaining 33%, Five Thousand Dollars ($5,000) will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (quoting Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (quoting Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

---

[1] This agreement was translated for Plaintiff into Spanish and Mixteco. Attached as **Exhibit C** is the Agreement translated into Spanish, as well as a verification from a Mixteco interpreter.
[2] Defendants have provided payroll records, including records of cash payments, which seem to vary widely and support their claims that Plaintiff was paid an hourly rate. This substantially reduces the calculations for any damages owed to Plaintiff.

Hon. Andrew J. Peck
June 29, 2017
Page 3 of 4

      The agreement here is fair to Plaintiff.  Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial.  The Fifteen Thousand dollars ($15,000.00) that he will receive accounts for a substantial portion of any alleged unpaid minimum and overtime wages that he could have recovered, had he been successful at trial.  This recovery is also well over what Plaintiff would recover if Defendants were to successfully utilize their documentation to prove that Defendants paid Plaintiff totally in accordance with the law.  Settlement at this stage also allows the parties to save costs on depositions and further litigation, and takes into account the possible risk of dismissal of this matter.  Furthermore, this agreement is the product of arm's-length bargaining between experienced counsels.

**Plaintiff's Attorneys' Fees are Fair and Reasonable**

      Under the settlement, Plaintiff's counsel will receive $5,000.00 from the settlement fund as attorneys' fees and costs.  This represents one third of the recovery in this litigation, a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

      The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit").  In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

      Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  His work is billed at $450 per hour.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.  Work performed by Mr. Faillace is indicated by the initials "MF."

Hon. Andrew J. Peck
June 29, 2017
Page 4 of 4

- Marisol Santos is an associate at Michael Faillace & Associates, P.C. Her work is billed at $350 per hour.  She graduated from Fordham Law School in 2013.  Following law school, she has cultivated a specialization in employment law. Prior to joining Michael Faillace & Associates, P.C. she worked as a wage and hour litigation associate at another New York law firm, where she successfully represented small business owners and employees. Since joining Michael Faillace & Associates in October 2016, she has been responsible for all aspects of the firm's employment docket in federal court. Work performed by Ms. Santos is indicated by the initials "MS."

The lodestar amount for Plaintiffs' attorneys' fees is $10,447.50.  This is exclusive of the costs and expenses such as the filing of the complaint, service, interpretation, and paralegal costs.  A copy of Plaintiffs' attorneys billing records is annexed hereto as Exhibit B.  The attorneys' fees Plaintiffs' attorneys will receive under the settlement is less than half of the lodestar amount.  Therefore, it is fair and reasonable for Plaintiffs' attorneys to receive one-third of the total settlement amount.  Plaintiffs' attorneys and their staff will still have to devote additional time to this matter after the Court approves the settlement, including administering the settlement, and addressing non-payment in the event Defendants fail to make timely payment of the settlement amount.  Moreover, reducing the amount of the settlement that goes to Plaintiffs' attorneys would be poor public policy, as it would remove an incentive for attorneys for plaintiffs in contingency fee FLSA cases from seeking to obtain the highest possible settlement amount.  It also would create a disincentive to early settlement, and instead create an inventive for plaintiffs' attorneys to unnecessarily increase the amount of time they, their adversaries, and the court spend on actions that can be resolved.  See Hyun, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. March 24, 2016) ("the Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate")(quoting McDaniel v. City of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)).  Among other things, it could create an incentive for attorneys in FLSA cases to make only minimal efforts to settle cases before settlement conferences, in order to add to their billable fees.  This would be an outcome that disserves the plaintiffs, the defendants, and the Court.

However, should the Court disagree and find it necessary to reduce the portion of the settlement amount to be applied to Plaintiffs' attorneys from that proposed herein, the parties and Plaintiffs' attorneys respectfully request that the Court approve the settlement agreement with the maximum distribution to Plaintiffs' attorneys that the Court deems appropriate.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of his client.  Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.  A Stipulation of

Hon. Andrew J. Peck
June 29, 2017
Page 5 of 4


Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

    Thank you for your consideration in this matter.

                                    Respectfully Submitted,

                                    /s/ Michael Faillace
                                  Michael Faillace, Esq.
                                  Michael Faillace & Associates, P.C.
                                  *Attorneys for Plaintiffs*

cc:    Brett R. Gallaway, Esq. (via ECF)
        *Attorney for Defendants*